FILED
CLERK
10/23/2018 12:34 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GATSBY YACHT GROUP, LLC., a Delaware
Limited Liability Company, aka GATSBY
ENTERPRISES, LLC., A Rhode Island Limited
Liability Company,

                       Plaintiff,

                 -against-

M/Y "EAST BOUND & DOWN," a 2006
Azimut Benetti manufactured motorized 69.5'
yacht, her boats, engines, tackle, equipment,
apparel, furnishings, freights, appurtenances, and
all fixtures and other necessaries there unto
appertaining and belonging to the vessel, in rem,

                       Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:18-cv-4242 (ADS)(GRB)

**APPEARANCES:**

**Ludwin Law Group**
*Co-Counsel for the Plaintiff*
85 SE 4th Avenue, Suite 105
Delray Beach, FL 33483
       By:   Adam Ludwin, Esq., Of Counsel

**Taroff & Taitz, LLP**
*Co-Counsel for the Plaintiff*
One Corporate Drive, Suite 102
Bohemia, NY 11716
       By:   Steven C. Taitz, Esq., Of Counsel

**Chalos & Co. P.C.**
*Counsel for the Defendant*
55 Hamilton Avenue
Oyster Bay, NY 11771
       By:   George M. Chalos, Esq.,
                 Patrick W. Carrington, Esq., Of Counsel

**SPATT, District Judge.**

The Court assumes the parties' familiarity with the facts and procedural history of this action. Additional detail that is relevant to this motion is provided below. Presently before the Court is a motion by the Defendant that requests that the Plaintiff be ordered to post security for the counterclaims asserted by the Defendant's owner, Matthew Proman ("Proman").

## I. BACKGROUND

On July 26, 2018, the Plaintiff filed a complaint, alleging a maritime lien of $126,881.75 for services rendered to the Motor Yacht East Bound & Down, a 69.5' yacht (the "Vessel"). The Vessel is owned by Proman. That same day, this Court issued a warrant of arrest *in rem* directing the arrest of the Vessel pending further order of this Court. On August 7, 2018, the Vessel filed its answer and asserted counterclaims of approximately $113,200.00 for alleged faulty work performed by the Plaintiff. On August 24, 2018, the Court granted motions to intervene filed by SK Marine Electronics, Inc. and Maritime Diesel Electric, Inc. (the "Intervenor Plaintiffs"), who asserted liens of $34,049.60 and $692.50 respectfully.

On August 23, 2018, Proman, on behalf of the Vessel, filed the instant motion, which was fully briefed on September 17, 2018. The Court issued an electronic order on October 18, 2018, granting the instant motion and ordering the Plaintiff to post countersecurity in the amount of $113,200.00 (the "Electronic Order"). The Electronic Order provided the Plaintiff the opportunity to file an affidavit and supporting documents in the event it was financially unable to post the required countersecurity. On October 22, 2018, the Plaintiff filed an affidavit declaring that it was unable to post countersecurity. The affidavit detailed the Plaintiff's debts, assets and operating accounts.

In light of the Plaintiff's affidavit, the Court now reconsiders its Electronic Order.

## II. DISCUSSION

Rule E(7)(a) of the Supplemental Rules provides, in relevant part, that:

> [w]hen a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise.

"Although this Rule initially appears to make the posting of countersecurity mandatory whenever its conditions are satisfied, the final clause of the quoted language makes clear that the trial court possesses broad discretion in deciding whether to order countersecurity under such conditions." *Result Shipping Co. v. Ferruzzi Trading USA Inc.,* 56 F.3d 394, 399 (2d Cir. 1995) (internal citations omitted).

In exercising this discretion, the court should review whether posting countersecurity would: (1) place the parties on an equal footing with respect to security; and (2) avoid the imposition of burdensome costs that might prevent a plaintiff from bringing suit. *May Ship Repair Contracting Corp. v. Oil Barge HT-100*, No. 08-CV-280, 2008 WL 6332375, at *1 (E.D.N.Y. Jan. 21, 2008) (internal citations omitted); *Front Carriers LTD. v. Transfield ER Cape Ltd.*, No. 07 CIV. 6333, 2007 WL 4115992, at *2 (S.D.N.Y. Nov. 19, 2007) (same).

The Plaintiff opposes the instant motion, arguing that it is unable to satisfy the approximately $113,200.00 countersecurity.

"The only manner in which the financial condition of a party may enter into account … when the party seeking to avoid the imposition of counter-security cannot afford to post it, and such a requirement would unjustly force the dismissal of that party's original complaint." *Cont'l Shipping Corp. v. Telfair Int'l Corp.*, No. 88 CIV. 7257, 1990 WL 130765, at *2 (S.D.N.Y. Sept.

4, 1990) (citing *Afram Lines Int'l, Inc. v. M/V Capetan Yiannis*, 905 F.2d 347 (11th Cir. 1990); *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400 (5th Cir. 1987)). The Plaintiff is a small operation with considerable debt and no assets. Given the Plaintiff's financial situation, the Court is reluctant to compel the Plaintiff to post approximately $113,200.00 in countersecurity.

The first consideration of this Court is to ensure the parties are placed on an equal footing regarding security. It is not to preclude the Plaintiff's prosecution of this suit as a maritime lien holder. In the complaint, the Plaintiff notes that it retained a necessaries lien against the Vessel pursuant to 46 U.S. § 31342. Further, the Court issued a warrant, *in rem*, for the arrest of the Vessel. The Plaintiff has considerable security for the damages it asserted in the original action. In theory, awarding the full countersecurity would place the parties on an equal footing. However, it is likely that compelling the Plaintiff to post such a large countersecurity would put the Plaintiff in a financially untenable situation. This would not place the parties on an equal footing, but effectively confer significant financial leverage to the Defendant. This is not the purpose of Supplemental Rule E(7)(a). The second consideration counsels this Court against awarding a countersecurity that levies onerous costs that would potentially preclude the Plaintiff's *in rem* suit. As discussed above, the Plaintiff contends that it is financially incapable of posting such a large sum.

In exercising its discretion to decide the appropriate amount of any potential countersecurity, the Court notes that admiralty courts are "of purest equity." *Expert Diesel, Inc. v. Yacht Fishin Fool*, 627 F. Supp. 432, 433 (S.D. Fla. 1986). Accordingly, the Court finds, on the facts of this case, that countersecurity is warranted.

Taking into account the Plaintiff's financial circumstances, the Court orders the following: the Warrant of Arrest *in rem*, issued in accordance with Supplemental Rule (C) is hereby vacated

4

and the Vessel is from arrest.  As a maritime lienholder, the Plaintiff's alleged lien will continue to travel with the Vessel.  Proman is directed to post security in the amount of $13,681.75, the difference between the Plaintiff's alleged lien and the Defendant's counterclaim.  Proman must also post security to satisfy the alleged liens of the Intervenor Plaintiffs.  "Limiting countersecurity in such a fashion furthers the goal of placing the parties in a position of equality, and also comports with this Court's other guiding principle: ensuring that countersecurity does not impose burdensome costs on a plaintiff that might prevent it from bringing suit."  *May Ship Repair Contracting Corp.*, 2008 WL 6332375, at *4 (internal citations omitted).

### III.  CONCLUSION

For the reasons set forth above, the Defendant's motion to require countersecurity from the Plaintiff is granted.  The Warrant of Arrest is vacated and the Vessel is ordered to be released from arrest within thirty days of this order.  Proman is hereby ordered to post security in the amount of $13,681.75 to satisfy the Plaintiff's alleged lien within thirty days of this order.  Further, Proman must also post security in the amount of $692.50 to satisfy Intervenor Plaintiff Maritime Diesel Electric Inc.'s alleged lien and $34,049.60 to satisfy Intervenor Plaintiff SK Marine Electronics, Inc.'s alleged lien within thirty days of this order.  If any of the parties fail to provide security within thirty days of the issuance date or this order, this action will be stayed.


Dated: Central Islip, New York
October 23, 2018

                                                         */s/ Arthur D. Spatt*
                                                      ARTHUR D. SPATT
                                             United States District Judge